## Dorman *against* The Turnpike Company.

A plaintiff in error will not be permitted to avail himself of a point not made in the court below.
An award, if defective because of an irregularity in the meeting of the referee, is cured by the subsequent appearance of the parties, though under a saving of exceptions.

WRIT of error to the court of common pleas of *Alleghany* county.

The Pittsburgh and Steubenville Turnpike Road Company brought this action against George A. Dorman, the plaintiff in error, for tolls incurred by him whilst a stage proprietor. The declaration was in *assumpsit*, and set forth in the first count, that the defendant was indebted in the sum of 600 dollars for tolls and duties due and of right payable by him to the plaintiffs for the passage of his stages and carriages over the road, which the plaintiffs, by their name of incorporation, repaired and supported; and being so indebted undertook, &c. to pay, &c. The second count alleged, that in consideration of being indebted in the further sum of 600 dollars for other tolls due and payable, according to the form of the statute, at certain turnpike gates, duly erected upon the road of the plaintiffs, for other stages and carriages of the defendant which had travelled over the road and through the said gates; and being so indebted, the defendant undertook, &c. to pay, &c. Damages were laid at 1000 dollars. The defendant pleaded *non assumpsit* and payment.

On the 28th of May 1830 the case was submitted to M. B. Lowrie, esquire, an alderman, to ascertain the amount due. Upon his report, judgment to be entered by the prothonotary without exception or appeal. To meet on the third Monday of June following at Mr Lowrie's office. No meeting however took place on that day before the referee : and on the 18th of December 1830, on motion in court, the blanks in the order were filled with the 12th day of January 1831. On that day, the attorneys of the parties being present, some testimony was taken before the referee, and the further hearing of the case was continued till the 16th of February 1831. On that day, the attorneys of both parties again being present, some further evidence was taken, and the case was again continued till the 1st of March 1831. On that day, A. Johnston attending on behalf of the Company, and no further testimony being offered, the referee found and reported the sum of 283 dollars 6 cents in favour of the Company.

To these proceedings before the referee, the attorney of the defendant, on the 12th of January 1831, which was the day fixed by the court for the meeting, filed exceptions, as follows :

[Dorman v. The Turnpike Company.]

"W. W. Fetterman, attorney of George A. Dorman, the defendant, protests against the referee going on to try the cause, inasmuch as his authority is determined; and reserves to himself the right of making and insisting on this objection at any time hereafter."

An affidavit was at the same time made by him before the referee, as follows: "W. W. Fetterman, being sworn, says, that on the third Monday of June, for the purpose of trying this case, Mr Collin and other witnesses of the defendant being here ready for trial, and the referee not being present, they, after waiting during that day, returned home."

The errors assigned were the following:

1. The proceedings of the referee, he not having met on the day appointed, and of the court fixing a new day without consent, and the award and judgment were erroneous.

2. That the company have no right to recover in an action of *assumpsit* for tolls, or for damage done to the road.

*Fetterman,* for plaintiff in error.

After issue was joined in this case, it was submitted to the referee to ascertain the amount due. The referee did not meet on the day appointed. There was no power by the terms of the submission to adjourn; but nevertheless there was an adjournment, against which we protested because it was irregular. Inasmuch as he did not proceed on the third Monday of June 1830, his authority was revoked. Abbott *v.* Pinchin, 1 *Dall.* 349; Allen *v.* Watson, 16 *Johns. Rep.* 205; 2 *Petersd. Ab.* 121, 122; Russel *v.* Gray, 6 *Serg. & Rawle* 145; Anderson's Executors *v.* Long et al., 10 *Serg. & Rawle* 55; Stout et al. *v.* The Commonwealth, 2 *Rawle* 341; Wier *v.* Johnston, 2 *Serg. & Rawle* 459; Moyer *v.* Kirby, 14 *Serg. & Rawle* 162. Then as to the second error, there was no evidence of an express *assumpsit* by the defendant; and this court has decided that turnpike companies cannot recover tolls on an implied *assumpsit.* 2 *Penns. Rep.* 462.

*Burke,* for defendant in error.

There would be but little difficulty in this case if the record had been fully copied. The case was called for trial. The defendant was not ready. It was then submitted to the referee merely for the purpose of ascertaining the amount due. This amounted to an admission by the defendant that there was an express *assumpsit.* At the time of the submission, it was agreed in open court that another day should be fixed in case of the referee's absence on the third Monday of June. The opposite counsel has forgotten that this promise and application were made to the court below, who fixed the 12th of January 1831 for the next meeting, under a full recollection of the agreement. It was an order which the court below had discretionary power to make; but is not the subject of a writ of error. There are numberless points arising in the course of a suit which cannot be reviewed. Clason *v.* Shotwell, 12 *Johns. Rep.* 49. It was

[Dorman v. The Turnpike Company.]

held no ground to revoke the authority of arbitrators that notice was not given fifteen days before meeting. Brown *v.* Brashier, 2 *Penns. Rep.* 114; *Whart. Dig.* 257. There was no objection filed to the report of the referee, which it was incumbent on the defendant to have done. Kline *v.* Guthart, 2 *Penns. Rep.* 490; Andrews *v.* Lee, 3 *Penns. Rep.* 99. Witnesses on both sides were heard before the referee. Several meetings took place before him, and the attorney of the defendant below attended and examined witnesses. This was a waiver of all irregularity, and of any objection to the proceedings of the court.

Mr Burke was proceeding to argue the second error when he was stopped by the court.

*Fetterman*, in reply.

There was no agreement made before the court below, except what appears on the record. The order of the court was an unauthorized assumption of power. Where was the authority for directing, that after the submission expired, we should again appear before the referee? Can a party thus be forced by *the court to a reference*? The court below possessed no such power; and the order which was made, is clearly the subject of a writ of error. Suppose an action of debt depending, in which the court below improperly direct judgment to be entered, would not the judgment be subject to reversal on the ground of a want of authority? The entry of a judgment upon the confession of an attorney, would be an act of the court, which could be reviewed on a writ of error. *Kid on Aw.* 47, 60. To justify such an order as was made by the court in this case, the consent of the parties must appear on record. Our protest against the proceedings was made in consequence of the decision of this court, that such an action could not be sustained.

PER CURIAM.—In the Turnpike Company *v.* Brown, 2 *Penns. Rep.* 462, it was held, that the law implies no promise to pay tolls for the use of a turnpike; but it was not intimated that an express contract to pay tolls, or any other stipulated sum, is not binding. Such contracts are of daily occurrence; and it would be not only a misconstruction, but highly inconvenient to hold them to be inconsistent with the regulations of the charter. Here a promise is explicitly laid; and whether it were express or implied, being matter of evidence and not of pleading, can not be told from the record, since every promise is laid according to its legal effect, and consequently in the same way. If the point therefore be not made at the trial, it cannot be made on a writ of error, by an allegation that the plaintiff had not shown a cause of action; for such an allegation must be contradicted by the record. As to the assignment of a new day for the hearing, the defect, if it were one, was cured by the defendant's appearance, though under a saving of exceptions. It was open to him to refuse to go on, or to waive exception; but not to

[Dorman v. The Turnpike Company.]

take the benefit of an actual defence, and yet give an *ex parte* character to the proceeding. He thought proper to go on, and he is concluded by his election.

Judgment affirmed.