12  361
d196  55

The CHESTNUT HILL TURNPIKE COMPANY v. MARTIN.

A turnpike company, authorized by its charter to collect tolls, and to stop all persons passing through the turnpike until the toll is paid, cannot maintain an action therefor against one passing against the consent of the keeper without payment.

IN error from the Common Pleas of Montgomery.

*Dec.* 28.    The plaintiff was a turnpike corporation, by its charter authorized " to erect and fix such and so many gates or turnpikes upon and across the said road as will be sufficient to collect the tolls and duties, and to appoint as many toll-gatherers as they may think proper to collect and receive the tolls, with power to stop any person riding, &c., from passing through the said gates or turnpikes until they shall have respectively paid the same."

The defendant, who was a captain of volunteers, returning from a parade, rode to the gate, where toll was demanded by the keeper and refused by the defendant, who passed through the gate without paying the legal toll.   For this amount the plaintiffs brought assumpsit.

KRAUSE, J., directed a judgment for the defendant.

*Galt* and *Mulvany*, for plaintiffs in error.—The remedy given by the charter is cumulative merely, for the law implies a promise to pay such an obligation: 3 Dane Abr. 180; 2 Greenl. 404; 6 N. H. 499; 1 Ib. 20; 7 Johns. 183; 1 Ch. Pl. 101; 6 E. C. L. R. 421; 13 Ib. 205; 8 Johns. 150; 23 E. C. L. R. 109; 25 Ib. 560; 10 East, 104; and yet in England the same right exists to close the gates in order to enforce payment: 6 M. & W. 428. Hopkins v. Stockton, 2 W. & S. 168, is full to the point that a user of the road implies a promise to pay for it.

*Sterigere*, contrà.—The charter here is identical with others under which this very point has been settled: 2 Penna. 461.    A particular remedy is given by the law, and that excludes all others by the Act of 1806.    It is only where no such remedy is given that an action lies: 9 Watts, 63; 6 Mass. 44; 16 Ib. 70; 5 Ib. 515; 14 S. & R. 162; unless on proof, an express promise of which there was none here: 6 Mass. 44.    There was no fraud or evasion of the legal remedy, and the consequences of reversing this judgment would be to fill the Courts with petty litigation.

*Jan.* 15.    BELL, J.—This case is ruled by The Turnpike Co. *v.* Brown, 2 P. R. 463, from which it is impossible to distinguish it. That decision proceeded upon well-founded considerations of convenience, and is in accordance with the settled principle that where a statute confers a new power or right, and provides a particular mode by which it may be vindicated, no other remedy than that afforded by the statute can be enforced : 7 Vin. 349, tit. *Debt*, M ; Moyer *v.* Ruby, 14 S. & R. 164 ; Smith *v.* Drew, 5 Mass. 514 ; Henderson *v.* Larned, 16 Watts, 65.    The principle which prohibits a turnpike company, invested with the power to collect tolls at its gates, and to detain travellers until they are paid, from maintaining an action for the recovery of them, in the absence of express assumpsit, was reasserted in Dormor *v.* The Turnpike Co., 3 Watts, 126 ; and there is nothing in Hopkins *v.* Stockton, 2 W. & S. 163, which impugns it.    That determination was based upon the fact that the law provided no remedy for the collection of tolls incurred by carriages carrying the mails of the United States ; and the case, therefore, fell within the rule that where a statute creative of a new right fails to prescribe a remedy, the common law will furnish one by action ; and where the question is of the payment of tolls, it will imply a promise to pay sufficient to maintain assumpsit. Most of the cases cited for the plaintiff in error belong to this class ; and one of them, Bear Gap River Co. *v.* Woodman, 2 Greenl. 204, was decided upon the words of the Act incorporating the plaintiff, giving it authority to " demand and recover" tolls, which it was thought authorized an action against those using the improved navigation, and is, therefore, not to be accepted as adverse to our decisions.    Indeed, Chisley *v.* Smith, 1 N. Hamp. Rep. 20, is the only case brought to our notice which bears this aspect ; and there is nothing in the reasoning upon which that determination rests, of sufficient potency to cause us to swerve from the doctrine of our own cases, settled after deliberation, and sanctioned by ancient precedent.    Experience has taught that it is best for all parties to confine turnpike companies to the summary mode of collecting their tolls usually provided by the several Acts incorporating them, and that the inconveniences and injuries which it was suggested in argument might flow from this rule, are seldom felt in practice.    Against the use of fraud or force the law affords ample protection, and the fullest enjoyment of their privileges is not, in any degree, jeoparded by denying them the right to sustain civil actions in cases like the present.    But were they thus subjected to some chance of injury,

it were better so than to accord to them the power of harassing travellers by petty suits.

For the reasons so well expressed in Turnpike Co. *v.* Brown, the Court below was right in denying the plaintiff's right to recover.

Judgment affirmed.