JACOB J. KATERSKY *et al. vs.* P. D. HUMPHREY CO., INC.

MAY 7, 1928.

PRESENT: Sweetland, C. J. Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This cause is before us on the complainants' appeal from a decree of the Superior Court dismissing the bill which was brought to enjoin the respondent from selling the complainants' real estate by virtue of a decree entered by said court in proceedings to enforce a mechanic's lien for building materials. The bill alleges that the complainants were, on the 26th day of June, A. D. 1924, seized and possessed of certain premises in Portsmouth; that on said date the respondent filed a lien notice on the land of the

182

complainants in Portsmouth; that on the 5th day of January, 1925, a decree *pro confesso* was entered against the complainants by the Superior Court and on the 2nd day of February, 1925, a decree was entered by said court fixing the respondent's claim against the complainants at $1,684.03 with interest, amounting to $40.62, and ordering the property referred to Edward J. Corcoran, Esq., as master for sale; that notice of the sale was published in accordance with the decree and the sale advertised to be held on the 14th day of March, 1925; that on the 13th day of said March the complainants learned of said sale and on said 14th day of March, said sale was adjourned to the 21st day of March, 1925. The bill recites the return made on the lien notice by the deputy sheriff, who served the same, and that notice of the pendency of said mechanic's lien petition was given in accordance with the provisions of the General Laws as appears by the affidavit of the clerk of said court on file in said cause; that the dwelling house situated on the parcel of land referred to in said bill is the summer home of said complainants and family; that said complainants were in the use and occupation of the same at the time of the service of said lien notice; that said lien notice was posted upon said dwelling house, but was immediately removed by one Lowden, the contractor working there; that the complainants had no knowledge of the proceedings until about 7 o'clock on March 13, 1925; that as a result of their protest against a sale of said premises being made on said March 14, said sale was continued to March 21, 1925; that said Sadie Katersky entered into no contract with Walter S. Lowden & Son for the construction of any building upon her premises, nor did she consent in writing to any contract; that legal notice was not given by the respondent of its intention to claim a lien; that respondent is not entitled to claim said lien. The bill prays that the respondent, P. D. Humphrey Co., Inc., and Edward J. Corcoran, Esq., the master appointed to carry out the decree of the court ordering said premises sold to satisfy said mechanic's lien,

be permanently enjoined from selling said premises by virtue of the decree of sale entered by the Superior Court on the 2nd day of February, 1925, and that a decree be entered dismissing the petition of the respondent P. D. Humphrey Co., Inc.

After hearing on bill, answer and proof the Superior Court entered the decree dismissing the bill. The case is before us on appeal from said decree.

The action of the Superior Court in dismissing the bill was correct because at the time the bill was brought the complainants had a complete and adequate remedy at law.

The complainants should have petitioned the Superior Court to vacate the decree for sale, the decree fixing the amount due and the decree *pro confesso* entered in the lien proceedings. After these decrees had been vacated, and the lien proceedings reinstated, the complainants could have presented in said proceedings their defense to the lien petition. See *Spooner* v. *Leland*, 5 R. I. 348; Pomroy's Eq., 4th Ed. § 1269, 1361; *Patch* v. *Collins*, 158 Mass. 468; *Wolf* v. *Glassport Lumber Co.*, 59 Atl. 1105; *Weed* v. *Hunt*, 70 Atl. 564. "When the remedy by motion or otherwise is provided a party must either take advantage of it or show some reason why he has not." Pomroy's Eq. 4th Ed. § 2090. See also Lewis & Spelling on Injunctions, § 180.

It is urged as a reason for sustaining the bill that the petitioner in the lien proceedings has joined in his petition two separate causes applicable to separate parcels of land one of which is owned by one respondent and the other parcel by the other respondent. The place to urge this as well as the other grounds of defense was in the lien proceedings.

The complainants may have been deterred from petitioning the Superior Court to vacate the decree *pro confesso* by reason of the provision of § 4943, G. L. 1923, that: "Such decree, if no motion to set the same aside be made within five days after entry of the same, shall be conclusive, and

the cause shall thereafter proceed *ex-parte.*" However, in *Masterson* v. *Whipple,* 27 R. I. 192, it was pointed out that Section 2 of Chapter 344 applies to decrees *pro confesso* as well as to others and that the trial court may for cause shown set aside a decree *pro confesso* within six months after the entry thereof.

The appeal is dismissed, the decree appealed from is affirmed and the cause remanded to the Superior Court for further proceedings.

*Max Levy, David R. Radovsky,* for complainants.
*Sheffield & Harvey,* for respondents.