## Lieberman v. Garbo Amusement Co.

*Lutz, Ervin, Reeser & Fronefield,* for plaintiff.

*Guy G. deFuria,* for defendant.

MacDade, J., October 5, 1939.—Let us first state the factual situation. Defendant, Garbo Amusement Company, a Delaware corporation, prior to December 3, 1938, and at the present time, was and is in possession of a certain motion picture theatre in Darby, Pa., under and by virtue of a written unexpired lease executed by the owner of said land. On December 3, 1938, the land was sold by the Sheriff of Delaware County, and was purchased by plaintiff herein. After notice to quit was given to defendant, plaintiff commenced proceedings for possession under the Act of April 20, 1905, P. L. 239, which proceedings are still pending in this court. Despite these proceedings, plaintiff on July 14, 1939, caused to be issued a writ of foreign attachment in trespass against defendant, and the affidavit of cause of action filed claims damages for unlawful detention. Defendant claims that the Act of 1905, supra, gives a full and complete and exclusive remedy to the plaintiff for damages for detention, if any are due, and thereupon filed this petition and rule to quash the writ.

Therefore, the questions involved seem to be:

1. May a purchaser of real estate at a sheriff's sale bring an action in trespass for unlawful detention of the premises against a tenant who claims the right of possession under an unexpired lease, when such purchaser has already instituted proceedings for possession under the Act of 1905, which proceedings are still pending?

2. Has such person a cause of action in trespass?

3. May an action for damages be brought, in such case, before plaintiff's right of possession is determined?

1. The Act of 1905 affords a complete remedy: The proceedings under the Act of 1905, instituted by this plaintiff in this court, are still pending. Section 12 of that act applies to the claim now made in these proceedings. It provides as follows:

"If it shall be finally determined that petitioner is the owner of said real estate, with a present right of possession thereof, the court shall enter judgment in his favor, at the costs of the respondents, and assess damages for the detention of possession of said real estate".

The act itself, then, provides a complete remedy for obtaining damages for detention of possession, which is the same thing sought in the present proceeding. The proceedings are improper, for the reasons to be discussed immediately hereafter.

2. The remedy under the Act of 1905 is exclusive: The Act of March 21, 1806, 4 Sm. L. 326, sec. 13, provides as follows: "That in all cases where a remedy is provided or duty enjoined, or any thing directed to be done by any act or acts of Assembly of this commonwealth, the directions of the said acts, shall be strictly pursued, and no penalty shall be inflicted or any thing done agreeably to the provisions of the common law, in such cases, further than shall be necessary for carrying such act or acts into effect."

This act has been followed and interpreted in many cases, among the latest of which is Chevra Achewa Chesed Anshe Cheval v. Philadelphia et al., 116 Pa. Superior Ct.

101, in which the Superior Court, speaking of the Act of 1806, said, at p. 106:

"It provides, in effect, only, that when an act of assembly is passed its provisions shall be strictly pursued and shall displace the penalties and provisions of the *common law* in effect before its passage."

In Ermine v. Frankel et al., 322 Pa. 70, the court dismissed a petition for mandamus against election officials, saying that the procedure under The Personal Registration Act of July 10, 1919, P. L. 857, had not been followed:

"Where a remedy or method of procedure is provided or duty enjoined by any act of assembly, the directions of such act must be strictly construed, and, under the Act of March 21, 1806, 4 Smith's Laws 326, such remedy or procedure is exclusive".

Whatever rights were had by plaintiff, before the Act of 1905, supra, to enforce an action for damages for the detention of the real estate in question, such rights are displaced by the complete remedy provided in section 12 of the Act of 1905.

The Act of 1806 has been applied in many cases, involving many different types of statutory remedies, in each of which cases courts have held the common-law remedy displaced. Thus, Rhines v. Clark et al., Execs., 51 Pa. 96 (dam in navigable river) ; The Chestnut Hill Turnpike Co. v. Martin, 12 Pa. 361 (collection of tolls) ; Maurer v. Brennan, 58 Pa. Superior Ct. 587 (compelling production of books of account of a school district for purposes of audit) ; Curran v. Delano, 235 Pa. 478 (determination of dispute as to boundaries between mines) ; Lewisburg Bridge Co. v. The County of Union, etc., 232 Pa. 255 (damages for impairment of bridge franchise) ; White et al. v. Old York Road Country Club et al., 318 Pa. 346 (zoning) ; and Bowman v. Gum, Inc., et al., 321 Pa. 516 (appointment of receiver). These cases, as well as many others, have held that the Act of 1806 makes a statutory remedy exclusive. Therefore, the remedy under

the Act of 1905 is exclusive, these proceedings are improper, and the present writ should be quashed.

3. There is no cause of action in trespass for detention of possession by a tenant, after a sheriff's sale:

If the remedy under the Act of 1905 were not exclusive, the present proceeding would still be improper. The court will not labor the point, since the Act of 1905 is exclusive, but feels it our duty to point out that a lessee under a lease of later date than the lien on which the sheriff's sale is had, if such lease is divested by the sale, becomes a tenant at will of the purchaser: Bittinger v. Baker, 29 Pa. 66; Adams v. McKesson's Executrix, 53 Pa. 81. This being so, the proper remedy would not be in trespass, but in ejectment, since trespass will not lie where plaintiff is not in possession, and defendant is. See Collins v. Beatty, 148 Pa. 65, 66, where the court said:

"The evidence showed the defendant to have been in possession of the locus in quo at the time the alleged trespass was committed, and for some years before. Under such circumstances the action of trespass cannot be maintained."

Also, Vanderslice v. Donner, 26 Pa. Superior Ct. 319, 323, where the court said: "As against one in actual possession, the right of a claimant of title, out of possession, must be asserted by an action of ejectment."

4. This action is premature. This action is based upon an alleged unlawful detention. Unless plaintiff's right to possession is clear, there is no question of detention by the tenant. In the proceedings for possession, of which the court may take judicial notice, defendant has asserted what it believes to be a meritorious defense. Plaintiff's right to possession is not, therefore, clear, and will not be unless and until this court determines those proceedings in his favor. This claim is therefore premature, and the writ should be quashed.

For the reasons above given, the court feels that there is no merit to these proceedings. By means of this writ of foreign attachment, plaintiff has compelled the Sheriff

of Delaware County to seize the income at the box office of the theatre operated by defendant, with a view toward annoying and harassing defendant, and compelling it to withdraw from the premises by means of financial pressure, before this court has an opportunity to determine the proceedings for the possession of the real estate. For these reasons, and for the other legal reasons set forth in this opinion, the rule is made absolute and the writ issued in this matter is quashed.