Malin, et ux., Appellants, *v.* Nuss.

Argued December 5, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*C. Cushman,* with him *Steven R. Sosnov, Michael H. Malin,* and *Sosnov and Sosnov,* for appellants.

*George Willner,* with him *Pearlstine, Salkin, Hardiman and Robinson,* for appellee.

OPINION BY PRICE, J., April 22, 1975:

This appeal raises questions requiring interpretation of the Mechanics' Lien Law of 1963, Act of August 24, 1963, P.L. 1175, No. 497 (49 P.S. §1101 *et seq.*). We reverse the Order of the lower court and remand for trial.

In 1965, the plaintiffs-appellants, Michael H. Malin and his wife, Dorothy S. Malin, contracted with Tad Home Builders, Inc., for the construction of a residence on property owned by the Malins in Hatfield Township, Montgomery County. The defendant-appellee, Robert W. Nuss, was engaged by Tad Home Builders, Inc., as a subcontractor. Pursuant to Section 401 of the Mechanics' Lien Law of 1963 (49 P.S. §1401), appellee signed a waiver of his right to file a lien claim.

When appellee was unable to obtain payment from Tad Home Builders, Inc., he filed a lien claim against appellants' property, in contravention of the executed waiver. Contending that the lien claim was filed for

"purely oppressive purposes," appellants filed a complaint in assumpsit on June 8, 1966, against appellee for breach of the waiver agreement. The complaint alleged damages of $7,850.00, purportedly arising from the legal fees incurred in defending against the lien claim, and from excess financing charges allegedly caused directly by Nuss' action. In Count II of the complaint, the appellants alleged additional and alternative damages of $4,540.00, which it is alleged they were wrongfully required to pay to Tad Home Builders, Inc., due to Nuss' filed lien claim.

On June 24, 1966, appellee filed preliminary objections to the complaint and, after argument, the court stayed action on the complaint and preliminary objections until the appellee's pending lien claim could finally be determined. Appellee was declared bankrupt in 1970, and the mechanic's lien claim was withdrawn by the trustee. Not until July 1, 1974, however, were the preliminary objections to the complaint in this case reargued. On July 2, 1974, the appellee's preliminary objections were sustained and the complaint dismissed.

The issues raised on this appeal are: (1) whether a cause of action exists for breach of an agreement to waive a mechanic's lien, and (2) whether the appellants may now amend their complaint to state a cause of action in trespass.

Our inquiry into the first issue begins with the general rule that a party who breaches a contract will be liable for the damages caused thereby. *See* Restatement of Contracts §327 (1932). A waiver of lien agreement is basically a contract between two parties in which one party promises not to file a lien against property of the other. When the promisor files the lien claim in contravention of the waiver, he breaches his contract. In this case, then, the plaintiffs have alleged a contract, breach thereof, and damages caused by the breach.

Appellee contends, however, that the general rule allowing damages does not apply in this case for several reasons. First he argues that subsection 701(e) of the Mechanics' Lien Law of 1963 (49 P.S. §1701(e)), prohibits the action. That subsection provides:

> "Defense to Action on Claim. A setoff arising from the same transaction or occurrence from which the claim arose may be pleaded but may not be made the basis of a counterclaim."

The comment of the 1964 Joint State Government Commission, reproduced following the text of the statute in 49 P.S. §1701 states that:

> "a set-off cannot be made the basis of a counterclaim resulting in a verdict in favor of the owner against the contractor or subcontractor. Also, the action is now treated as one in rem restricting set-offs to those arising from the same transaction or occurrence from which the claim arose."

We hold that subsection 701(e) was not intended to bar all affirmative actions on the part of the owner against the contractor. The subsection was intended to prevent a statutory lien claim filed by a contractor from resulting in a judgment for the owner. *See, e.g., Dennison v. Dietrich,* 3 D & C 2d 43 (1954). Furthermore, the fact that the action is to be treated as one in rem indicates that the "same transaction or occurrence", to which setoffs are limited, refers to the contractor's performance on the job. Here, appellants' claim is completely independent of the "transaction or occurrence" referred to in the Act. Appellants' claim does not arise from any defect in appellee's performance, but from appellee's breach of his agreement. Thus subsection 701(e) does not bar a claim in assumpsit for breach of an agreement waiving a mechanic's lien.

Appellee also contends that Section 403 of the Mechanics' Lien Law of 1963 (49 P.S. §1403), precludes a suit for damages in the event of a lien claim filed in breach of an agreement. That section provides:

"A release signed by the claimant shall not operate as a waiver of the right to file a claim for labor or materials subsequently furnished, unless it shall appear thereby that such was the express intent of the party signing the same."

Apparently, appellee's argument is that Section 403 gives a contractor the right to file a lien claim even though he has executed a written waiver of the lien. That is, the waiver of the lien may be raised as a valid defense by the owner of the property, but it does not operate to deprive the contractor of the right to file the claim. The filing of the lien claim may be futile, in that the waiver provides the owner with an absolute defense. However, the contractor has the right to file a lien claim in spite of its futility. It follows, argues appellee, that if a contractor has the right to file a lien claim, he cannot be subjected to an action for damages for exercising that right.

We do not construe Section 403 as bestowing any such right upon a contractor. That section only provides that the release of a lien acquired for materials furnished or services performed in the past, does not operate as a waiver of a lien that arises for services performed or materials furnished subsequent to the signing of the release. Section 403 is actually referring to two separate liens: the lien that is released and the subsequent lien that is not released. Moreover, while, in general, we agree that a contractor always has the *power* to file a lien claim, we do not agree that the existence of that power necessarily relieves the contractor of responsibility for damages caused by the exercise of that power.

Third, appellee contends that the present action is barred by Section 3 of the Act of November 25, 1970, P.L. 707, No. 230 (1 Pa. C. S. §1504), which provides:

"In all cases where a remedy is provided or a duty is enjoined or anything is directed to be done by any statute, the directions of the statute shall be strictly pursued, and no penalty shall be inflicted, or anything

done agreeably to the common law, in such cases, further than shall be necessary for carrying such statute into effect."

The gist of appellee's argument is that, since the waiver of lien agreement is a creature of statute (49 P.S. §1401), no remedy for breach of such agreement can exist unless specifically provided by statute. According to appellee, the only remedy for breach of a waiver of lien agreement is the owner's right to plead the waiver as a defense against the mechanics' lien claim. Appellee asserts that this remedy is adequate and is appellants' sole relief. Appellee's brief states:

". . . in the instant case, statutory law provides a remedy or method of procedures for Appellants. If Appellants do not choose to pursue the stated remedies available to them, so be it."

However, this contention is clearly inaccurate. The record does not reveal whether appellants asserted the waiver as a defense in the mechanics' lien action. It thus does not reveal whether appellants chose not to employ the statutory remedy. Yet even if they had, they would not have been able to recover in that action, the damages that they seek in the present action. 49 P.S. §1701(e), *supra*. Under the circumstances here presented, pleading the waiver as a defense to the mechanics' lien claim is not an adequate remedy.

The cases cited by appellee for the proposition that statutory procedures must be strictly pursued are inapposite. In each of those cases, the applicable statutes provided a method of obtaining the relief sought; the problem arose when the litigant failed to avail himself of the statutory relief, but sought instead to obtain that relief through alternate, but unauthorized, procedures. *See, e.g., McCarthy v. Reese,* 419 Pa. 489, 215 A.2d 257 (1965) ; *Cathcart v. Crumlish,* 410 Pa. 253, 189 A.2d 243 (1963) ; *Wolf v. Glassport Lumber Company,* 210 Pa. 370, 59 A. 1105 (1904) ; *Vogt v. Port Vue Borough,* 170 Pa. Superior Ct. 526, 85 A.2d 688 (1952).

Therefore, appellee's arguments do not persuade us that damages suffered due to breach of an agreement not to file a lien are not compensable. On the contrary, we hold that the basic policy of allowing such damages is determinative of this case. *Compare Beeler v. Turnpike Co.*, 14 Pa. 162 (1850), *with Huntingdon, Cambria and Indiana Turnpike Co. v. Brown*, 2 Penrose & Watts 462 (1831). It should be noted that an agreement not to file a lien claim is, in many respects, like a covenant not to sue. Both are basically defensive mechanisms by which one party agrees not to assert a claim against another. A cause of action for breach of a covenant not to sue has been recognized. *See Restatement of Contracts* §405, comment b (1932) ; *Artvale, Inc. v. Rugby Fabrics Corp.*, 363 F.2d 1002 (2d Cir. 1966).

We hold that there is a cause of action in assumpsit for breach of an agreement to waive a mechanic's lien.

The second issue argued by appellants is whether they may amend their complaint to state a cause of action in trespass. Appellants failed to present this, either by petition or argument, in the court below, and it will not be considered for the first time on appeal. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

The order of the lower court sustaining defendant's preliminary objections and dismissing the complaint is reversed and the case is remanded for further proceedings consistent with this opinion.

———

Concurring Opinion by Hoffman, J.:

The sole issue presented by this case is whether or not a cause of action arises when a contractor files a mechanic's lien in contravention of a waiver agreement. I agree with the Majority that such an affirmative action does exist, and that appellant, upon proof of breach of such agreement, is entitled to at least nominal damages.

*Nemitz v. Bell Telephone Co. of Pa.*, 225 Pa. Superior Ct. 202, 310 A.2d 376 (1973). *See also Massachusetts Bonding & Ins. Co. v. Johnson & Harder, Inc.*, 343 Pa. 270, 279-280, 22 A.2d 709 (1941), citing Williston on Contracts, Revised Edition, Vol. 5, §1345, at 3776. We need not, and do not, decide which, if any, types of damages are properly recoverable in such a suit.

SPAETH, J., joins in this opinion.