## Beljan v. Bucks County Community College

*Anita Alberts*, for plaintiff.
*Stephen Sheely*, for defendant.

GARB, J., August 16, 1979—A new and ingenious theory of contract law is asserted by plaintiff in this assumpsit action. Her complaint asserts that she was a duly admitted and matriculating student in the School of Nursing of the Bucks County Community College. She asserts that she paid the required tuition and fees and thereby entered into a contractual relationship with defendant to receive the appropriate education in nursing as offered by the school. She asserts that defendant breached its contractual obligations and that she has been excluded from the nursing program and prevented from being graduated from said program with her class on May 25, 1979. As a result thereof she

claims as damages the tuition and fees which she paid, damages arising as a result of a delay at least of one year in her entrance into the job market in her chosen profession, damages to her professional reputation, impairment of her earning capacity and substantial attorney's fees and expenses in order to seek redress of her grievances. Defendant has filed preliminary objections as in the nature of a demurrer and a motion for a more specific pleading which have been submitted to us under Bucks County Rule of Civil Procedure *266.

While the complaint is a masterpiece of legal creativity and ingenuity, it constitutes no more than a series of building blocks but without mortar to hold them together. No matter how it is read, we are satisfied that it fails to state a cause of action against defendant and therefore the demurrer must be granted.

The complaint alleges that plaintiff was a student at the Bucks County Community College within the Department of Nursing. The complaint further states that at all times defendant was subject to standards and regulations for the conduct of nursing programs as set forth in The Professional Nursing Law of July 3, 1974, P.L. 432, sec. 1, 63 P.S. §211 et seq. The complaint further states that the Department of Nursing of defendant was an approved educational program leading to an associate degree and that graduates of this approved program are eligible for licensure as registered nurses upon satisfactory completion of required examinations. Plaintiff contends in the complaint that there was a contractual relationship between her and defendant which included but was not limited to those provisions set forth in the official school catalog for 1978-1979 and further relevant

written terms as contained in chapter 21 of the Pennsylvania Code, State Board of Nurse Examiners, Pennsylvania Code, Title 49, §21.1 et seq.[1] Although we do not so decide, we will assume for purposes of this opinion that such regulations are in fact a part of the aforesaid contract.

After setting forth the foregoing facts, the complaint, in paragraph 10, provides that the relevant implied terms and conditions of the said contract include a series of duties and obligations as between plaintiff and defendant. Nowhere in the complaint is it alleged that any of these implied terms and conditions have been violated or breached by defendant. Thereafter, plaintiff alleges that during the "Rotation III" segment of the 1978-79 school year in psychiatry defendant failed to fulfill its obligations to plaintiff and breached its contractual relationship in a variety of ways. There follows a series of allegations in support of this contention too numerous to list seriatim in this opinion. Suffice it to say that what the pleader has done was to tip-toe willy-nilly through the regulations extracting a long series of specific ones from the Pennsylvania Code, quoting them virtually verbatim as in the nature of conclusions of law, asserting that in some way defendant was derelict in failing to implement these various regulations. For the most part the specific regulations as cited are mere broad statements of purpose and in no instance is it alleged how, or in what way, these alleged derelictions or violations thereof affected the

---

1. Those are regulations duly propounded and published by the State Board of Nurse Examiners for the practice of professional nursing and the administration of the Professional Nursing Law under and pursuant to section 212.1 thereof.

contractual relationship between plaintiff and defendant. They constitute mere abstract statements of specific regulations without any allegation whatsoever of the nature of the violation thereof or in what way they impaired the objects of the alleged contract between plaintiff and defendant.

Nowhere in the complaint does plaintiff allege any breach by defendant of any of the terms and conditions of the catalog of defendant to which we heretofore referred. A close and repeated reading of the complaint fails to tell us simply in what way defendant breached its contract with her or in what way her alleged damages flowed from that breach. She asserts that she contracted with defendant for the purpose of matriculating in its school of nursing. This, obviously, she was permitted to do. She agrees that defendant was duly certified as a school of nursing and that successful completion of the course would have rendered her eligible for licensure as a nurse upon successful passage of the appropriate examination.[2] If her contention is that she failed successfully to pass the course material as offered, then she has failed to show how defendant's dereliction in implementing these various regulations was in any way related thereto. If in fact she was successful in completing her course material, then these derelictions are of no moment. Generally speaking a party who breaches a contract will be liable for the damages caused thereby: Malin v. Nuss, 234 Pa. Superior Ct.

---

2. We do not decide herein the effect of the allegation of certification with regard to plaintiff's assertions of the failure of defendant to implement the various regulations. See sections 216.1 and 216.2 of the Professional Nursing Law.

259, 338 A. 2d 676 (1975). Where a contract is breached without legal justification, the injured party is entitled to recover whatever damages he suffered, provided (1) they were such as would naturally and ordinarily flow from the breach; and (2) they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract; and (3) they can be proved with reasonable certainty: Keystone Diesel Engine Company, Inc. v. Irwin, 411 Pa. 222, 191 A. 2d 376 (1963). The complaint herein totally fails to demonstrate how plaintiff's alleged damages naturally and ordinarily flowed or followed from the various breaches of the contract alleged by her or that they were reasonably foreseeable and within the contemplation of the parties at the time they made the contract.

We would make only one closing observation. A reasonable reading of this complaint might well cause one to conclude that plaintiff is requesting, although by circumvention, that the court inject itself into the administrative and academic operation of the Bucks County Community College, and in particular into its nursing program. Although the courts have found themselves increasingly involved, and rightly so, in various areas of human endeavor, which, some time ago, would have been considered unthinkable by judicial scholars, we have found no authority presently existing to justify this judicial intervention. However, the resolution of that question will, of necessity, await another day.

## ORDER

And now, August 16, 1979, it is hereby ordered, directed and decreed that the preliminary objection

as in the nature of a demurrer is sustained, the complaint is dismissed with leave to file an amended complaint within 20 days of the date hereof.