# Hager v. Norristown Magnesia Asbestos Co., Appellant.

*Practice, C. P.—Workmen's Compensation Law—Appeals—Notice—Proof of notice.*

On an appeal from the Workmen's Compensation Board, the failure to file of record proof of service of notice of the appeal on the adverse party is no reason to strike off the appeal.

Under the Act of June 26, 1919, P. L. 642 (Section 427), written notice of taking the appeal must be served upon the adverse party, but there is no requirement that proof of such service shall be filed with the prothonotary.

Argued November 19, 1923.    Appeal, No. 275, Oct. T., 1923, by defendant, from judgment of C. P. Bucks Co., June T., 1923, No. 33, striking off an appeal from decision of Workmen's Compensation Board in the case of Howard A. Hager v. Norristown Magnesia Asbestos Company, defendant, and Maryland Casualty Company, Insurance Carrier, Intervening Defendant. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Rule to show cause why appeal from decision of Workmen's Compensation Board should not be stricken off. Before RYAN, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and struck off the appeal. Defendant appealed.

*Error assigned* was the decree of the court.

*Louis Wagner,* and with him *Richard A. Smith* and *Wilbur F. Whittle,* for appellant.

*John L. DuBois,* for appellee.

OPINION BY LINN, J., December 10, 1923:

Appellant complains of an order striking off an appeal to the common pleas from a decision of the workmen's compensation board. It was stricken off, as the court below in its opinion says "because no proof of the service of notice of the appeal on the adverse party appears by the record." The court however specifically states that "it is admitted that such notice was given under the provisions of the act."

Section 427 of the Act of June 26, 1919, P. L. 642, 665, provides: "Any party may appeal from any action of the board on matters of law to the court of common pleas. ......The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file with his notice of appeal such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence.

"Upon filing of the notice of an appeal, the prothonotary of the court of common pleas to which the appeal has been taken shall issue a writ of certiorari, directed to the workmen's compensation board, commanding it, within ten days after service thereof, to certify to such court its entire record of the matter in which the appeal has been taken......"

It has frequently been said the act must be liberally construed. The record shows that written notice of the appeal was filed with the prothonotary of the common pleas, accompanied by a statement of appellant's exceptions to the action of the board, and that, at the same time, he was requested to issue a writ of certiorari, directed to the board, commanding it to certify its record, as required by the statute. Timely written notice of that action was served upon the counsel of record for the adverse party, and we agree with the court below, that serv-

ice on the attorney of record fulfilled the requirement of the statute.

It will be observed that there is no provision in the statute requiring that proof of service of such notice be filed with the prothonotary. Counsel for appellant, however, contends that such requirement must be implied from the sentence in the statute (already quoted) "upon the filing of the notice of an appeal," etc. We do not so understand that provision; that legislative direction is that when notice of the appeal is filed with the prothonotary, he shall issue the writ of certiorari. Written notice of the appeal must be given to the adverse party or the appeal will be invalid; but we find no provision requiring that proof that it was given shall be filed with the prothonotary. We cannot attribute to the legislature an intention to leave such a step to implication; when the filing of such proof was intended, the legislature's expression has been clear; the Mechanics' Lien Law furnished an example: Act of April 5, 1917, P. L. 42.

The order is reversed, and the appeal is reinstated with a procedendo.