## Bankes v. Bankes et al.

*Joseph W. Moyer*, for claimant; *Henry Houck*, for defendant.

Koch, P. J., March 5, 1928.—The United States Fidelity and Guarantee Company presented its petition, averring that it is a party defendant and liable for the payment of any compensation that may be awarded to William J. Bankes against Mrs. William J. Bankes; that on Dec. 2, 1927, on the petition of the said United States Fidelity and Guarantee Company, the Workmen's Compensation Board found as a fact that the average weekly wages of the claimant at the time of his injury while in the course of his employment for Mrs. William J. Bankes were $25, and that a copy of the said order was mailed to counsel of record on Dec. 2, 1927; that on Dec. 15, 1927, the claimant filed, together with his exceptions, an appeal in the Court of Common Pleas of Schuylkill County, but did not serve on the United States Fidelity and Guarantee Company written notice thereof, setting forth the date of the appeal and the court in which the same was filed, and that the claimant has not at any time served on said United States Fidelity and Guarantee Company a written notice of any appeal to the Court of Common Pleas of Schuylkill County, or to any other court. William J. Bankes, in his answer to the petition for the rule, admits that said United States Fidelity and Guarantee Company is the insurance carrier of the defendant and is liable for the payment of any compensation awarded to William J. Bankes, and admits, also, the other facts stated in the petition of the said company, but avers that said company is not an adverse party within the meaning of the

Workmen's Compensation Law, and that it, therefore, was not entitled to said written notice.

Section 427 of the Workmen's Compensation Law, as amended June 26, 1919, P. L. 642, 665, provides that where a party takes an appeal from any action of the board, such party "shall, at the time of taking the appeal, serve upon the adverse party written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file with his notice of appeal such exceptions to the action of the board as he may desire to take," etc. This provision is mandatory and it should be followed. "In all cases where a remedy is provided or duty enjoined, or anything directed to be done by any act or acts of assembly of this Commonwealth, the directions of the said acts shall be strictly pursued," etc.: Section 13, Act of March 21, 1806, 4 Sm. Laws, 332. "When a statute confers a new power or right and provides a particular mode by which it may be vindicated, no other remedy than that intended by the statute may be enforced:" Turnpike Co. *v.* Martin, 12 Pa. 361; Moyer *v.* Kirby, 14 S. & R. 162; Turnpike Co. *v.* Brown, 2 P. & W. 462.

The claimant in this case is the husband of Elizabeth Bankes, and the Guarantee Company is named in the caption as insurance carrier; and it was upon its petition that the average weekly wages were determined. It is, therefore, an "adverse party," and as such was entitled to notice of the appeal in accordance with the provisions of said Act of June 26, 1919. "Written notice of the appeal must be given to the adverse party or the appeal will be invalid:" Hager *v.* Norristown Magnesia Asbestos Co., 82 Pa. Superior Ct. 349, 351.

And now, March 5, 1928, the rule is made absolute and the appeal is quashed.

From M. M. Burke, Shenandoah, Pa.