## Coady v. Crew-Levick Company

*Wm. J. Sirdevan*, for plaintiff.

*Paul E. Thomas*, d. b. e., for insurance carrier.

KENT, P. J., April 6, 1936.—This is an appeal by a claimant from the action and decision of the Workmen's

Compensation Board. Thomas F. Coady, while in the employment of Crew-Levick Company, oil refiner and marketer, as a sweater house employe in its plant or refinery located in Titusville, Crawford County, Pa., sustained a fall resulting in an injury to his right leg and knee joint on December 12, 1929. An agreement of compensation for disability was entered into on January 9, 1930, between the employe, the employer, and the Travelers Insurance Company, insurance carrier. Compensation payments were made thereunder until on or about March 14, 1930, when a final receipt for compensation was given by the claimant. Under date of June 19, 1931, a petition for reinstatement of the compensation agreement was filed with the Workmen's Compensation Board and the matter proceeded before the board and referee from time to time thereafter, until January 24, 1935, when the following opinion and order was entered by the board:

"This is an appeal by the claimant. The findings of fact, conclusions of law and disallowance filed by the referee were placed in the mails on August 2, 1934. The appeal was placed in the mails on August 15, 1934, four days after the appeal day had expired, and was received and filed on August 18, 1934. On written motion of appellees, the appeal is quashed for lack of jurisdiction."

On February 2, 1935, the claimant filed his appeal from the decision of the Workmen's Compensation Board, in the Court of Common Pleas of Crawford County, Pa., at the above term and number, specifying the following exceptions:

"1. To the action of the board in quashing for lack of jurisdiction the appeal from the decision of Referee Smith of the tenth district, revoking claimant's compensation.

"2. To the action of the board in refusing to hear said appeal and pass on the merits thereof.

"3. To the refusal of the board to pass upon the exceptions to the decision of Referee Smith wherein claimant sets forth that the decision is against the weight of the evidence, to wit: (a) Wherein a finding, made by Referee

Smith, that the condition of claimant is the result of chronic arthritis instead of the injury; (b) that he is able to work at his usual occupation; and (c) exception to the referee's conclusion of law."

Whereupon, on March 13, 1935, the Traveler's Insurance Company, by its attorney, with leave of court, entered its appearance de bene esse and filed its petition, averring that it was the insurance carrier and as such liable for payment of any award made against defendant; that the petitioner appeared at all hearings, etc., before the referee and the board; that many of the requests for the same were executed by the petitioner; that the petitioner was an adverse party to the claimant and as such was entitled to notice of the appeal; and that no such notice of appeal was given as to the date of taking the appeal or as to the court in which the same was filed, nor were any exceptions served, as required by law. The petition prayed that the appeal be quashed. A rule to show cause why the appeal should not be quashed, returnable to the first Monday of April, was granted.

In response thereto, the claimant, on April 1, 1935, filed an answer, as follows:

"That due notice was given to said defendant according to law.

"That the notice was served upon the defendant by writing dated within the statutory period.

"That there is attached hereto and made a part hereof an affidavit of service of said notice.

"That the claimant has no personal knowledge as to who is the insurance carrier herein and alleges that his claim, insofar as he is concerned, is against the defendant above named."

The claimant, in his answer, asked that the rule to quash the appeal be discharged.

It is upon this petition, rule, and answer thereto that the matter is now before the court. No testimony was taken in the proceeding. The rule to quash the appeal was placed upon the regular argument list for the fourth

Monday of May 1935. Reference to the list discloses that the court made the following entry: "May 27, 1935; to be submitted on written briefs. Per Curiam."

The attorney for the petitioner promptly filed a brief, but at this time no brief has been presented on the part of the claimant. Why there has been such delinquency for so long a period, we are unable to comprehend, unless the claimant has decided to abandon the contest. Hence, we feel that the long period of watchful waiting should come to an end and that we should act upon the petitioner's request and dispose of the matter at this time.

The record discloses that service of notice of appeal was made upon the defendant, Crew-Levick Company; of this there can be no doubt. It also appears with equal certainty that no notice of said appeal was given to the Travelers Insurance Company, the claimant stating in his answer to the rule to quash that he had "no personal knowledge as to who is the insurance carrier". We cannot agree with this statement, as it most certainly appears that the petitioner, the Travelers Insurance Company, appeared as a party in interest in all proceedings before the referee and the board, and was so recognized by the claimant, referee, and board. In fact, the company was a party to the original compensation agreement of January 9, 1930. In addition to such recognition, the claimant named the company as carrier, doing this in his petition to modify the agreement on the ground of changed disability. Also, this company was named by the claimant's attorney as defendant, in his brief submitted on appeal from the referee's finding of fact, and was recognized as the insurance carrier by the claimant in his answer to the petition for termination of the compensation agreement, under date of April 16, 1934. With such recognition definitely appearing upon the record, how can it be said that claimant has "no personal knowledge as to who is the insurance carrier"? In our opinion, it cannot be done.

Under such a condition of facts, the rule to quash presents but three questions for our consideration at this time, viz.: (1) Is the Travelers Insurance Company, petitioner, such an adverse party as is entitled to notice of the appeal taken, under the Act of January 5, 1934, P. L. 216? (2) Did the claimant know, or should he have known, that the petitioner was such an adverse party? (3) Was the required notice given to the petitioner as such adverse party?

"The term 'adverse party', as used in a statute providing that the service of notice of appeal must be made on the adverse party or his attorney, means every party whose interest in the subject-matter would be affected by a modification or reversal of the judgment or order appealed from, irrespective of whether he is a plaintiff, de-defendant, or intervenor": 1 Words & Phrases (2d series) 132.

The Act of January 5, 1934, P. L. 216, sec. 427, provides:

"Any party may appeal from any action of the board on matters of law to the court of common pleas of the county in which the accident occurred. . . . Such appeal must be brought within twenty days after notice of the action of the board has been served upon such party. . . . The party taking the appeal shall, at the time of taking the appeal, serve upon the adverse party a written notice thereof, setting forth the date of the appeal and the court in which the same is filed, and shall file, either with his notice of appeal, or within thirty days thereafter, such exceptions to the action of the board as he may desire to take, and shall specify the findings of fact, if any, of the board, or of the referee sustained by the board, which he alleges to be unsupported by competent evidence."

"An insurance carrier in a workman's compensation case, upon whose petition the weekly wages of a deceased workman were determined, is an adverse party within the meaning of section 427 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the

Act of June 26, 1919, P. L. 642, 655, and as such is entitled to notice of an appeal taken in the case": Syllabus of Bankes v. Bankes et al., 11 D. & C. 102.

"Written notice of the appeal must be given to the adverse party or the appeal will be invalid": Hager v. Norristown Magnesia Asbestos Co., 82 Pa. Superior Ct. 349, 351.

In the light of the above definition, we can but conclude that the Travelers Insurance Company is such an adverse party and was recognized as such, not only by the referee and board, but also by the claimant, and that, as such adverse party, it was incumbent upon the appellant, the claimant, to give it notice of the appeal, as required by the act. Considering the existing facts as definitely established in this case, we are convinced beyond all doubt that the claimant not only should have known, but did know, that the petitioner was such an adverse party and was entitled to notice as provided by the act.

The act makes it incumbent upon the party taking the appeal to serve notice thereof upon the adverse party and prescribes what such notice shall contain. There being nothing before the court tending to show that the appeal in the instant case complied with the requirements of the act relative to the giving of notice of appeal to the adverse party, the petitioner, and it being virtually admitted that no notice was given, we are clearly of the opinion that the relief prayed for should be granted.

We believe that this conclusion disposes of all matters and questions now before the court. However, aside from this, we are of the opinion that the ruling of the Workmen's Compensation Board appealed from is correct under the law. Section 423 of the Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 26, 1919, P. L. 642, was in force and effect at the time the appeal herein dismissed was taken. The provisions of this act limited the time for taking such an appeal to 10 days after notice of the referee's award. In the instant case the referee's award was dated July 30,

1934, and notice thereof, addressed to the claimant, was mailed on August 2, 1934. The claimant's appeal was dated August 14, 1934, and mailed on August 15, 1934, more than 10 days after the serving of said notice. The Act of January 5, 1934, P. L. 215, amending section 423 of the amendatory Act of 1919 by changing the time within which an appeal could be taken from 10 to 20 days after notice, was not controlling, in that same did not become effective until September 1, 1934, under provisions of the Act of May 17, 1929, P. L. 1808, no other date being specified as an effective date for the Act of January 5, 1934, P. L. 215.

"Here there was more than 10 days between the service of the notice and the appeal; there has been no extension of time by the court. And even the court has no authority to extend the time for taking the appeal unless an application therefor has been made during the ten day period: Maguire v. Knitting Co., 29 Dist. 994; Walatka v. Levin, 100 Pa. Superior Ct. 489. It is true that the portion of the Act quoted above has been amended by the Act of January 5, 1934, P. L. 216 so that it now reads: 'Such appeal must be brought within twenty days after notice, &c.' Unfortunately, however, for the claimant this later amendment is silent as to the date when it shall become effective. Consequently the Act of May 17, 1929, P. L. 1808 applies. The language of this Act is: 'That all laws hereafter enacted finally by the General Assembly, except laws making appropriations, shall be in full force and effect only from and after the first day of September next following their final enactment, unless a different date is specified in the act itself.' . . . So the amendment of January 5, 1934, did not become effective until September 1, 1934; hence that amendment did not extend this claimant's time in which to appeal": Strock v. R. H. Cunningham & Sons Co., 27 Berks 172.

Without discussing the merits or demerits of claimant's appeal from the finding of the referee to the board, we are clearly of the opinion that the action of the board

in quashing said appeal on motion of the Travelers Insurance Company was both proper and legal. However, we do not believe that this question is before us at this time for consideration, or that it has any bearing upon the question now before the court. We have simply attempted to express our thought as to the validity of the action of the board.

Now, going back to the matter before the court for determination at this time, the Act of January 5, 1934, P. L. 215, makes it incumbent upon the party taking the appeal to serve notice thereof upon the adverse party and prescribes what such notice shall contain. There is nothing before the court tending to show that the appellant in the instant case complied with these requirements, other than his statement that he did not know who the insurance carrier was, a fact which he should have known, and apparently did know. We are clearly of the opinion that the appeal taken in the instant case is invalid. Wherefore, we enter the following

### Order

And now, April 6, 1936, the rule to show cause why the appeal from the decision of the Workmen's Compensation Board to the Court of Common Pleas of Crawford County should not be quashed is hereby made absolute, and the appeal is dismissed at the cost of the appellant.