The NON–RESIDENT TAXPAYERS AS-
SOCIATION OF PENNSYLVANIA
AND NEW JERSEY et al.

v.

Charles MURRAY, Sheriff of Philadel-
phia County, et al.

Civ. A. No. 72–570.

United States District Court,
E. D. Pennsylvania.

Aug. 22, 1972.

As Amended Sept. 22, 1972.

---

**400**

Stephen A. Sheller, Philadelphia, Pa., for plaintiffs.

Albert J. Persichetti, Asst. City Sol., Philadelphia, Pa., Dante Mattioni, Asst.

Atty. Gen., Harrisburg, Pa., for defendants.

Before GIBBONS, Circuit Judge, and WEINER and BECHTLE, District Judges.

MEMORANDUM OPINION

WEINER, District Judge.

In this case the plaintiffs have launched an attack upon the constitutional validity of a Pennsylvania statute which authorizes the issuance of a writ of capias ad respondendum in suits to recover fines and penalties and upon the Pennsylvania Rules of Civil Procedure which have preserved and ratified the utilization of the writ for the specific purpose of actions instituted for the collection of fines and penalties.

By virtue of the Act 1937, June 21, P.L.1982, as amended, 17 P.S. § 61 et seq., the Supreme Court of Pennsylvania determined that:

"Except in an action for fines and penalties, . . . a defendant may not be arrested before judgment in an action or proceeding at law or in equity". Rule 1481 of the Pa.R.Civ.P., 12 P.S. Appendix.

Thus the Acts of Assembly which governed the commencement of actions for the collection of fines and penalties survived and remain in full force and effect. 12 P.S. § 171 et seq. Our task on review is to decide the constitutionality of the statute. A three-Judge District Court has been convened pursuant to 28 U.S.C. § 2281.

This Court has jurisdiction under the relevant provisions of the Civil Rights Act, 42 U.S.C. § 1983.

To fully understand the substance of the plaintiffs' claim, this factual statement of the situation which gave rise to this litigation must be made. The individual plaintiffs do not reside in Philadelphia where they are employed. Buompastore, Goodwin, Gould, and Nole live in New Jersey. Stevenson has his home in Downingtown, Pennsylvania. The Non-Resident Taxpayers Association is a New Jersey Corporation having a membership of over 17,000 persons who are not residents of, but who are employed in Philadelphia. The individual plaintiffs have either been arrested on a capias ad respondendum or have been notified of the City's intent to arrest. Many members of the Taxpayers Association are likely candidates for arrest by capias. It is conceded that the individual plaintiffs have refused to file tax returns or pay wage taxes due under Title 19 of the Philadelphia Code. The authority of the City of Philadelphia to require non-resident employees to file tax returns and to pay a wage tax can no longer be controverted. Non-Resident Taxpayers Association v. Philadelphia, (D.C.N.J.1971), 341 F.Supp. 1139, aff'd 406 U.S. 951, 92 S.Ct. 2061, 32 L. Ed.2d 340 (1972). Section 19-502(3)(b) of the Philadelphia Code provides:

"In addition to any other sanctions or remedial procedure provided, any person who shall . . . violate any provisions of this title . . . shall be subject to a fine of not more than $300 for each offense together with imprisonment for no more than 90 days if the fine and costs are not paid within 10 days."

The plaintiffs case is predicated upon a contention that the commencement of an action to recover a fine by the issuance of a writ of capias ad respondendum is violative of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and the Eighth Amendment proscription against excessive bail. A brief review of the statute is a necessary preclude to our decision. The Act of June 13, 1836, P.L. 568 § 3, 12 P.S. § 171 states that:

"It shall be the duty of any Court having jurisdiction of the action, on the application of the plaintiff in any personal action, his agent or attorney, instead of the writ of summons as aforesaid, to issue a writ of capias ad respondendum . . . ."

Section 9 of the Act, 12 P.S. § 181, contains provisions to let to bail any person arrested on a capias upon giving

reasonable surety. Section 15 empowers the Court to "make such rules respecting the time and manner of giving notice of bail, excepting to bail, and justifying bail as aforesaid, taken upon process out of such court, as the convenient administration of justice in such court may require". 12 P.S. § 186. Sections 20, 12 P.S. § 221 and 35, 12 P.S. § 225 provides for the release of the respondent and that upon the deposit of bail the respondent shall be deemed to have appeared in court at the return day of the writ.

As previously stated, the sections of the Act as enumerated above, with the exception as they apply to actions for fines and penalties or writs of ne exeat, were suspended by Rule 1481 of the Pa. R.Civ.P. Remaining are exemptions from civil arrest afforded a Freeholder of real estate worth at least 50 pounds who has resided in Pennsylvania for at least two years, Act of March 20, 1725, 1 Sm.L. 164, 12 P.S. § 251; minors and married women, Act of July 9, 1901, P. L. 614, 12 P.S. § 304.

Pursuant to Section 15 of the Act the Court of Common Pleas of Philadelphia promulgated Rule 917, which states:

"Writs of capias ad respondendum must be specially allowed and bail fixed by one of the Judges and shall be founded upon a sufficient complaint or affidavit of the cause of action filed with the praecipe for a writ . . ."

■ The evidential record coupled with the stipulation of facts clearly established that the statutory and regulatory requirements were properly followed. Nevertheless, the plaintiffs contend that the exclusion of minors, married women and certain freeholders constitutes a violation of the equal protection amendment. In Harris v. Pennsylvania Turnpike Commission, 410 F.2d 1332 (3d Cir. 1969), cert. denied, 396 U.S. 1005, 90 S.Ct. 558, 24 L.Ed.2d 497 (1970), the Court determined that the equal protection clause of the Federal Constitution could be offended only if the classification rests on grounds wholly irrelevant to the achievement of the state's objective, and if selection or classification is neither capricious nor arbitrary and rests on some reasonable consideration or difference or policy, there is no denial of equal protection of law.

■ Equal protection does not require that all persons be dealt with identically, but does requires that the distinction made have some relevance to purpose for which classification is made. United States ex rel. Schuster v. Herold, 410 F.2d 1071 (2d Cir. 1969), cert. denied 396 U.S. 847, 90 S.Ct. 81, 24 L.Ed. 2d 96 (1969).

■ We are of the opinion that the exclusion of married women and minors was neither capricious nor arbitrary and is wholly relevant to the preservation and execution of an avowed state policy. Minors from time immemorable have been looked upon as wards of the State and entitled to judicial and legislative protection. Minors under the age of eighteen (18) may not vote; they are restricted in their ability to purchase intoxicating beverages; their employment rights are regulated. The examples set forth are merely illustrative and not all inclusive. Married women have also been the subject of statutory enactments. See generally: Married Woman Acts, 48 P.S. § 64 et seq.; Right of Married Woman to sue and be sued, 48 P.S. § 111; Femme Sole Traders, 48 P.S. § 42; Conveyances by Married Woman, 20 P.S. § 3072; Inheritance, 20 P.S. §§ 1.2, 1.5. We find that the exemption of minors and married women from civil arrest serves a reasonable state purpose, Labine v. Vincent, 401 U.S. 532, 91 S.Ct. 1017, 28 L.Ed.2d 288 (1971), and, therefore, does not abridge the equal protection clause.

However, the "reasonable purpose" test is not applicable to a situation where one who is not statutorily exempted faces civil arrest. In this circumstance the State must show a substantial and compelling reason for depriving an individual of an exemption from civil arrest which it has given to others. Cf.

Dunn v. Blumstein, 405 U.S. 330, 92 S. Ct. 995, 31 L.Ed.2d 274 (1972); Kramer v. Union Free School District, 395 U.S. 621, 89 S.Ct. 1886, 23 L.Ed.2d 583 (1969). Thus, under the circumstances of the instant case, we are impelled to conclude that both the State and the City do have a substantial and compelling reason to commence an action to recover fines based upon a wilful and intentional refusal to pay taxes legally due and payable. It will serve no useful purpose to enter into a prolonged philosophical discussion relative to the dire financial needs of the City. Suffice it to say that the City has an obligation and duty to enforce the collection of taxes. This requirement is of paramount importance and supplies the foundation for enforcement via the issuance of a capias.

In addition to their contention that the exemption from arrest on a capias granted to minors and married women violates the equal protection clause of the Fourteenth Amendment, the plaintiffs point to the provisions of the Act of 1725, supra, which exempts Freeholders from civil arrest as further justification for their position that they are entitled to judicial redress. Our analysis of the Act leads us to an opposite view. The 1725 Act specifically negates any premise that Freeholders are not subject to civil arrest in a suit to recover a fine. 12 P.S. § 251.

We think the combination of circumstances we have noted support the conclusion that the "Capias Acts" are not violative of the Federal Constitution. However, this Court seriously questions the constitutional validity of Rule 917, supra. The pivotal issue in this regard is whether or not Rule 917 abuses the due process clause of the Fourteenth Amendment. "A law nondiscriminatory on its face may be grossly discriminatory in its operation." Williams v. Illinois, 399 U.S. 235, 242, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586 (1970). As noted earlier, Local Rule 917, supra, required that the writ be specially allowed and bail to be fixed by a Judge. We doubt that Rule 917 satisfies due process. Our concern is shared by the City Solicitor. He has informed this Court that at a conference with the President Judge of the Court of Common Pleas of Philadelphia County, it was suggested that an amendment to Rule 917 was advisable.

On July 18th, 1972, an Order issued out of the Court amending Rule 917 to read as follows:

### ORDER

AND NOW, to wit: this 18th day of July, 1972, prior to final approval by the Board of Judges of the Court of Common Pleas of the First Judicial District of Pennsylvania,

IT IS HEREBY ORDERED that Local Rule #917 concerning "Capias" of the Pennsylvania Rules of Civil Procedure be amended to read as follows:

(c) Arrest by capias ad respondendum must be specially allowed and bail must be specially fixed by the Civil Motion Court Judge or the weekend Emergency Court Judge, after a hearing on a Petition for Rule to Show Cause, which Petition shall be filed with the praecipe for the writ in the Prothonotary's Office. Service of the petition on the defendant must be accomplished either by personal service or by certified mail, in accordance with Pa.R.C.P. 233(2).

(d) Upon the arrest of a defendant by a capias ad respondendum, if the defendant fails or refuses to post bond, he shall be brought forth-with to the Civil Motion Court Judge or the weekend Emergency Court Judge for a determination as to whether or not he shall be released without the posting of said bail.

BY THE COURT:

JAMIESON
D. DONALD JAMIESON
PRESIDENT JUDGE

A basic requisite of due process of law is the opportunity to be heard, and the hearing must be at a meaningful time and in a meaningful manner. Armstrong v. Manzo, 380 U.S. 545, 552,

85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); Desmond v. Hachey, 315 F.Supp. 328 (S.D.Me.1970). In Fuentes v. Shevin and Parham v. Cortese, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), the Court decided that the Florida and Pennsylvania replevin provisions were invalid under the Fourteenth Amendment since they work a deprivation of property without due process of law by denying the right to a prior opportunity to be heard before chattels are taken from the possessor. See Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) and Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). In *Sniadach* Wisconsin's prejudgment garnishment of wages procedure, without notice and a prior hearing, was held to be violative of procedural due process. Goldberg mandated a pretermination evidentiary hearing before public assistance could be terminated. As stated in *Fuentes* and *Parham,* supra:

> "For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must be notified.' (citations omitted). It is equally fundamental that the right to notice and an opportunity to be heard 'must be granted at a meaningful time and in a meaningful manner.'
> (citation omitted).

.    .    .    .    .    .

If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." 407 U.S. at 80, 92 S.Ct. at 1994.

■ Since Rule 917 now provides for prior notice to be given to a person who is to be taken into custody and an opportunity is given to challenge the arrest at a hearing, we hold that a writ of capias ad respondendum may be used by the City of Philadelphia to enforce collection of fines and penalties.

Our decision is not addressed to the constitutional validity of the Acts nor to Rule 1481 of the Pa.R.Civ.P. but to the constitutional infirmities of Rule 917 of the Court of Common Pleas of Philadelphia County. This is not to say that the Court of Common Pleas may not draft a rule that would properly implement the capias Acts and Rule 1481 of the Supreme Court. It appears that the proposed amendment would adequately serve that purpose, but that issue is not before us.

We therefore conclude:

(a) That the Pennsylvania Acts of Assembly, 12 P.S. § 171 et seq., relating to the commencement of actions by a capias ad respondendum to enforce the collection of penalties and fines and Rule 1481 of the Pa.R.Civ.P. do not violate the Equal Protection Clause of the Fourteenth Amendment to the Federal Constitution and the Eighth Amendment proscription against excessive bail.

(b) That the amendment to Rule 917 of the Court of Common Pleas of Philadelphia County provides procedural due process and thus is constitutionally valid.

The foregoing shall be deemed our Findings of Fact and Conclusions of Law.