Raymond F. Percival, Abner B. Deckert, Timothy J. Eastburn, Michael J. Nole, William A. MacDonald, Guy W. Harvey, Jr., William E. Gould, Nicholas Buompastore, William H. Hazzard, B. R. Covert, Joseph F. Kenny, E. A. Thomas, Appellants, *v.* City of Philadelphia, Appellee.

Argued June 6, 1973, before President Judge Bow-MAN, and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Stephen A. Sheller,* with him *Astor and Weiss and Lee Laskin,* of counsel, for appellants.

*Albert J. Persichetti,* Deputy City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE ROGERS, March 21, 1974:

The appellants are nonresidents of the City of Philadelphia who enjoy employment within the city but refuse to file returns of or to pay the city's tax on earned income. They appeal from orders of the Court of Common Pleas of Philadelphia County declaring absolute rules upon them to show cause why writs of

capias ad respondendum should not issue and setting bail.

One of the questions raised in this appeal was based upon the alleged failure of the city to file praecipes for writs in the court below, the appellants' contention being that lawsuits may not be commenced by the filing only of petitions for rules to show cause. We examined the record certified to us, including the docket entries, and found no indication that praecipes had been filed. The Philadelphia Prothonotary's office upon our inquiry found no praecipes nor any record of praecipes having been filed. We therefore handed down an opinion and order vacating the orders below without prejudice to the city's right to commence proper actions. The city petitioned for our reconsideration, asserting that praecipes had in fact been filed but by reason of local practice had not been docketed and had been returned to the city pending allowance of the issuance of writs after hearing on the rules. We held an evidentiary hearing and, being satisfied by the evidence there presented that praecipes had indeed been presented for filing, we withdrew our order. The appeals are now before us for decision of the other questions raised by the appellants.

This controversy has a long history. The efforts of non-residents seeking, as the appellants do here, to avoid imposition on them of the city wage tax or its collection from them by capias proceedings have met with unvarying failure.[1] In the last of the cases, *Non-Resident Taxpayers Association v. Murray*, 347 F. Supp. 399 (E.D. Pa. 1972), *aff'd*, 410 U.S. 919 (1973),

---

[1] *Non-Resident Taxpayers Association v. Murray*, 347 F. Supp. 399 (E.D. Pa. 1972), 410 U.S. 919 (1973); *Non-Resident Taxpayers Association v. Philadelphia*, 341 F. Supp. 1135 (D.C.N.J. 1971), aff'd, 406 U.S. 951 (1972); *Application of Thompson*, 157 F. Supp. 93 (E.D. Pa. 1957), aff'd, 258 F. 2d 320 (1958), *cert. denied*, 358 U.S. 931 (1959); *Kiker v. Philadelphia*, 346 Pa. 624, 31 A. 2d 289, *cert. denied*, 320 U.S. 741 (1943).

a three judge panel upheld the constitutional validity of the Pennsylvania statutes authorizing the issuance of a writ of capias ad respondendum to recover fines and penalties for failure to pay or report the tax. Undaunted, the appellants here launch a new attack on a broad front.

The Act of June 13, 1836, P. L. 568, as amended, 12 P.S. §171 et seq., providing for capias ad respondendum is in pertinent part as follows:

"It shall be the duty of the prothonotary of any court having jurisdiction of the action, on the application of the plaintiff in any personal action, his agent or attorney, instead of the writ of summons as aforesaid, to issue a writ of capias ad respondendum, in the following form, to wit:

"The Commonwealth of Pennsylvania, [L.S.] County of————————to the sheriff of..........County, greeting:

"We command you that you take .........., . . . and keep him safely until he shall have given bail. . . ." Section 3, 12 P.S. §171.

. . . .

"It shall be the duty of the officer charged with the execution of any writ of capias ad respondendum to let to bail any person arrested or detained by him by force thereof, on his giving bond. . . ." Section 9, 12 P.S. §181.

. . . .

"The bond . . . shall be . . . in the amount of the bail demanded . . . and the condition thereof shall be that if the defendant . . . shall be condemned in the action . . . he shall satisfy the condemnation money and costs . . . or, in default thereof, that the bail will do so for him, and such bond shall be for the use of the plaintiff in the action. . . ." Section 10, 12 P.S. §182.

. . . .

"It shall be lawful for any court to make such rules respecting the time and manner of giving notice of bail, excepting to bail, and justifying bail, as aforesaid, taken upon process out of such court, as the convenient administration of justice in such court may require." Section 15, 12 P.S. §186.

"It shall be lawful for the defendant in any writ of capias ad respondendum . . . to deposit . . . the sum in which the bail is demanded . . . and . . . be forthwith discharged from arrest. . . ." Section 20, 12 P.S. §221.

"If judgment be rendered against the defendant in such action, the money deposited as aforesaid . . . shall be applied by order of the court towards satisfaction of such judgments. . . ." Section 22, 12 P.S. §223.

"Nothing contained herein shall be taken to authorize the issuing of a capias ad respondendum against any female, for any debt contracted since February 8, 1819. . . ." Section 6, 12 P.S. §256.

Two other statutes and a Supreme Court Rule of Civil Procedure must be referred to:

(1) By the Act of July 12, 1842, P. L. 339, §1, 12 P.S. §257, arrest or imprisonment in any suit founded on contract was abolished "excepting in proceedings . . . for fines or penalties. . . ."

(2) Section 1, cl. 6 of the Act of July 9, 1901, P. L. 614, 12 P.S. §304, provides that the writ of capias ad respondendum may be served:

"(a) By arresting the defendant, other than a minor or married woman, and holding him to bail or committing him to jail for want thereof, or

"(b) If the defendant be a minor or married woman . . . then by serving the writ as in case of a summons. . . ."

(3) Pa. R.C.P. 1481 provides: "(a) Except in an action for fines and penalties, or upon a writ of ne exeat, or as punishment for contempt, a defendant may

not be arrested before judgment in an action or proceeding at law or in equity."

Subsection (b) of Pa. R.C.P. 1481 in effect suspends the Act of 1836, including the sections above quoted "except insofar as they apply to actions for fines and penalties or writs of ne exeat."

The statutory provisions reproduced above and Pa. R.C.P. 1481[2] in combination provide that in an action for a fine or penalty any person, except a minor and a married woman, may be arrested upon the authority of a writ of capias ad respondendum and imprisoned until bail or a deposit in like amount is provided. The bail or deposit may be used to satisfy a judgment rendered against the defendant. In *Murray* the attack on the Pennsylvania procedure was "predicated upon a contention that the commencement of an action to recover a fine by the issuance of a writ of capias ad respondendum is violative of the Equal Protection Clause of the Fourteenth Amendment and the Eighth Amendment proscription against excessive bail." 347 F. Supp. at 401. The *Murray* court found the exclusion of minors and married women served a reasonable state purpose and that the state and city had substantial and compelling reasons to commence an action to recover fines justifying the civil arrest of those not exempted. It held against the defendants' Eighth Amendment argument without discussion.

The *Murray* court also held that Rule 917 of the Court of Common Pleas of Philadelphia County relating to practice in the issuance of such writs met due process standards. That rule is as follows:

"(c) Arrests by capias ad respondendum must be specially allowed and bail must be specially fixed by

---

[2] The captious might question whether Pa. R.C.P. 1481 treats of procedure and practice or whether it abridges or modifies the substantive rights of any litigant. Act of June 31, 1937, P. L. 1982, 17 P.S. §61.

the Civil Motion Court Judge or the weekend Emergency Court Judge, after a hearing on a Petition for Rule to Show Cause, which Petition shall be filed with the praecipe for the writ in the Prothontary's Office. Service of the petition on the defendant must be accomplished either by personal service or by certified mail, in accordance with Pa. R.C.P. 233(2).

"(d) Upon the arrest of a defendant by a capias ad respondendum, if the defendant fails or refuses to post bond, he shall be brought forthwith to the Civil Motion Court Judge or the weekend Emergency Court Judge for a determination as to whether or not he shall be released without the posting of said bail."

The failure of the 12 appellants to file returns for or pay the city's wage tax have been persisted in for an average of five years and one of them is 13 years delinquent. The City's Department of Collections has made repeated demands for reports and payment. Section 19-508 of the City Code provides a fine of $300 for each offense of failing to file a return or pay the tax due, with imprisonment for 90 days if the fine and costs are not paid within ten days. The proceedings below were, as noted, commenced by praecipes for writ and petitions and rules to show cause why writs should not issue in conformity with local rule 917 above quoted. The court below conducted a hearing on the rules. The appellants appeared but refused to testify, invoking their Constitutional right against self-incrimination. Their counsel made a broad attack on the proceedings, raising questions of jurisdictional, venue, and constitutional law. The court below determined all of these questions adverse to the appellants, ordered the writs to issue and set bail in amounts ranging from $300 to $3000, depending on the number of violations indicated.

The appellants here attack the proceedings below, rule 917 and the statutes authorizing the writ. Despite

the holding of *Non-Resident Taxpayers Association v. Murray, supra,* renewed attacks are made founded upon alleged lack of due process, denial of equal protection and on the Eighth Amendment's proscription of excessive bail. The *Murray* court disposed of these questions and its discussion does not require fortification by us. We will consider, however, those questions raised which seem to be new.

The appellants argue that the promulgation by the Court of Common Pleas of Philadelphia of Rule 917, quoted above, which the *Murray* court found to satisfy due process was ultra vires its statutory and constitutional power. Section 15 of the Act of June 13, 1836, 12 P.S. §186, hereinbefore reproduced, empowers any court to make rules respecting the time and manner of giving notice of bail. We do not read this, as do appellants, as implying that the courts may not make rules concerning capias generally. Further, Section 2 of the Act of June 21, 1937, P. L. 1982, 17 P.S. §62 confers upon the common pleas court the power to adopt "additional rules for the conduct of its business, which shall not be inconsistent with or in conflict with said general rules prescribed by the Supreme Court of Pennsylvania." The appellants have referred us to no rule of the Supreme Court which conflicts with 917. The Philadelphia rule, as *Murray* holds, provides due process and assists the orderly administration of justice, an objective of all rules. In addition, the rule gave new instructions to the Prothonotary, authority for which can be found in Section 23 of the Act of April 14, 1834, P. L. 333, 17 P.S. §1483, providing that the Prothonotary shall perform all duties pertaining to his office under the direction of the court.

The appellants next assert that only the Supreme Court is empowered to prescribe the forms of action. Certainly the Supreme Court might, pursuant to the Act of June 1, 1937, P. L. 1982, 17 P.S. §61 et seq.,

preempt the matter of procedure in capias actions. But it has not done so. Pa. R.C.P. 1481, previously referred to only restricts the use of the writ to actions for fines and penalties and ne exeat. The promulgation of Rule 917 to ensure due process in the issuance of capias writs out of the Philadelphia Court of Common Pleas was clearly within that court's power.

The appellants next contention is that the court below erred in treating the petitions and rules to show cause as original process. This argument seems to have been based upon the appellants' belief that no praecipes had been filed below. As we have noted, the evidentiary hearing conducted by us, revealed that praecipes had been filed. The actions were therefore commenced by praecipes and the petitions and rules were proper auxiliary process. The statute,[3] local Rule 917 and Pa. R.C.P. 1007, all provide that an action may be commenced, as it was here, by praecipe.

The appellants further contend that their right not to be witnesses against themselves ensured by the Fifth Amendment to the United States Constitution were violated in the proceedings below. In *Philadelphia v. Cline*, 158 Pa. Superior Ct. 179, 44 A. 2d 610 (1945), it was held that at the trial of an action to recover penalties for failure to file returns of the city income tax commenced by capias ad respondendum, the defendants might take advantage of their constitutional privilege to refuse to give evidence against themselves and that no adverse inference might be drawn from their refusal. The instant defendants invoked their privilege to remain silent at the hearing required by Rule 917. They complain that the court's allowance of the issuance of the writs based upon the petition and attached current tax billings constituted an adverse inference based upon their failure to answer the peti-

---

[3] 12 P.S. §171.

tion. The proceedings below were not trials of the actions but a hearing provided for the purpose of affording the defendants an opportunity to show cause why they should not be required to post bail. The defendants' silence was not taken as an admission by them of any incriminating evidence. No constitutional privilege was withheld by the court's observation that their silence provided no reason why the court should not grant the city's rule.

The final question raised by the appellants, not disposed of by *Murray,* is based upon Article I, Section 28 of the State Constitution adopted May 18, 1971 and providing that "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." The Act of 1836 in combination with Pa. R.C.P. 1481 provide that all persons may be subject to capias ad respondendum, except minors and married women.[4] The appellants contend that the equality of rights of such of them as are married men are denied by the exemption of married women. The facts that single women are subject to the process complained of and that married women were probably exempted by reason of their usual responsibility for children, are some foundation for an argument that the discrimination here complained of is related not to sex but to familial

---

[4] The appellants in a supplemental brief filed after argument contend that all women are exempted from capias ad respondendum. They argue that all women were originally exempted from imprisonment for debt by the Act of February 8, 1819, 12 P.S. §255 and from capias specifically by Section 6 of the Act of June 13, 1836, §256. They ignore the Act of July 12, 1842, P. L. 339, 12 P.S. §257 which exempts all persons from imprisonment for debt and Pa. R.C.P. 1481 suspending the writ except in the narrow area of actions for fines and penalties. The appellants' argument that actions for fines and penalties are actions for debt is sophistical. The distinction is real and expressly recognized by the Act of 1842, 12 P.S. §257.

status. The Supreme Court of the United States has held that state legislation according persons different treatment on the basis of sex where sex bears no relationship to the object of the legislation denies equal protection. *Reed v. Reed,* 404 U.S. 71 (1971). Conversely, if there is such a relationship, as *Murray* held with regard to the legislation here under consideration, there is no denial of equal protection. Did the people intend by Article I, Section 28 to do more than provide that equality of rights may not be denied or abridged on account of sex where sex bears no rational relationship to the object of the legislation; or did they intend that sex, like race and color, should be a wholly impermissible basis for state regulation? We are inclined to believe that they meant more than the former and less than the latter. The key lies in the provision's concluding phrase, "because of the sex of the individual." The genius of Anglo-Saxon jurisprudence, and in particular of the American branch, is its pragmatism—in its practice of finding the meaning of precepts by applying them to the facts of actual cases involving individuals. Does the exemption of a childless married woman from attachment by capias ad respondendum for fines deny equality of right to a non-exempt man with dependent children because of his sex? It seems to us that it does and that the exemption, although it passes the test of equal protection, fails that of Article I, Section 28. It seems equally clear that an exemption of persons regardless of sex having familial responsibilities would adequately serve the Legislature's purpose sought by exempting married women.

The conclusion that the exemption of married women from capias ad respondendum offends Article I, Section 28 does not require us to hold that the capias ad respondendum legislation is wholly invalid. To the contrary, the rule is that the unconstitutionality of part of an act will not defeat other provisions unless

it is evident that the legislature would not have enacted those provisions which are valid independent of the part which is not. If it is not so evident, only the invalid part falls. *United States v. Jackson,* 390 U.S. 570 (1968). As the Statutory Construction Act of 1972, 1 Pa. S. §1925 provides: "The provisions of every statute shall be severable. If any provision of any statute or the application thereof to any person or circumstance is held invalid, the remainder of the statute, and the application of such provision to other persons or circumstances, shall not be affected thereby, unless the court finds that the valid provisions of the statutes are so essentially and inseparably connected with, and so depend upon, the void provision or application, that it cannot be presumed the General Assembly would have enacted the remaining valid provisions without the void one; or unless the court finds that the remaining valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent." The Act of July 9, 1901, 12 P.S. §304, reads that the writ may be served (a) By arresting the defendant, other than . . . a married woman, and holding him to bail. . . ." Hence, the exemption is physically set off and modifies the all inclusive term "defendant" and its excision does not leave a meaningless remainder. In addition, the Act of 1901 is an appendage only to the comprehensive procedures of the Act of 1836 which we have quoted at the beginning of this discussion. We cannot find that the valid provisions of the acts governing capias ad respondendum in Pennsylvania are so connected with the exemption that we are unable to presume that the General Assembly would have enacted the valid provisions. Indeed, in fact it did, some years before the exemption was added. Obviously, that which remains—the authority to attach upon capias ad respondendum all persons, except minors—is complete and capable of

being executed in accordance with the legislative intent. We add to this discussion of whether the Legislature would intend that the exemption of married women should fall or the writ of capias ad respondendum in actions for fines be invalidated entirely, the consideration that the state income tax, which many believed was the alternative to state bankruptcy, is imposed upon the income of nonresidents of the Commonwealth and provides fines for evasion. The Tax Reform Code of 1971, Act of March 4, 1971, P. L. 6, 72 P.S. §§7308, 7353.

We have, we believe, considered all of the appellants' numerous questions. To summarize: we have concluded that the Philadelphia Court of Common Pleas was empowered to adopt its Rule 917 relating to capias ad respondendum; that Philadelphia Rule 917 and the hearings conducted below offered the appellants due process incident to the allowance of the issuance of writs of capias ad respondendum; that the bail set, based upon the number of apparent offenses and the possible fines, was not excessive and did not violate Eighth Amendment guarantees; that the appellants' rights to equal protection were not violated by the exemption of married women; that the exemption does, however, offend Article I, Section 27 of the State Constitution; that the exemption of married women provided by the Act of July 9, 1901, 12 P.S. §304, is not so connected with the remainder of the capias ad respondendum statutes that it cannot be presumed that the latter would not have been enacted by the General Assembly without the exemption; that the capias statutes should not be stricken in their entirety; and finally, that the orders of the court below should be, and they are,

Affirmed.