## Harness Racing Funds

KANE, *Attorney General,* November 12, 1975.— You have asked our office whether the Department of Agriculture can legally award grants and make reimbursements pursuant to section 16 of the Harness Racing Act of December 22, 1959, P. L. 1978, as amended, 15 PS §2616(d)(e.1), to county agricultural societies, independent agricultural societies and other organizations conducting annual agricultural fairs when those organizations discriminate in membership on the basis of sex. It is our opinion, and you are advised, that the Department of Agriculture may not award such grants and reimbursements to such organizations that discriminate in membership on the basis of sex.

The Pennsylvania Department of Agriculture is responsible for awarding grants and making reimbursements to county agricultural societies, independent agricultural societies and other organizations conducting agricultural fairs as defined by the act. In

carrying out this responsibility, the Secretary of Agriculture must comply with the requirements of the State and Federal Constitutions. As the Supreme Court of the United States stated in Cooper v. Aaron, 358 U.S. 1, 78 S. Ct. 1401, 3 L. Ed. 2d 5 (1958):

"No state legislator or executive or judicial officer can war against the Constitution without violating his undertaking to support it. Chief Justice Marshall spoke for a unanimous Court in saying that: 'If the legislatures of the several states may, at will, annul the judgments of the court of the United States, and destroy the rights acquired under those judgments, the constitution itself becomes a solemn mockery . . . .' ": at p. 18.

The Fourteenth Amendment to the United States Constitution provides in pertinent part: "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." The courts have held that the "Fourteenth Amendment prohibits state discriminatory action of every kind, including state participation through any arrangement, management, funds or property.": Arrington v. City of Fairfield, Alabama, 414 F. 2d 687, 688 (5th Cir., 1969). See also Norwood v. Harrison, 413 U.S. 455, 93 S. Ct. 2804, 37 L. Ed. 2d 723 (1973); Cooper v. Aaron, supra.

Specifically, the courts have held that providing financial assistance to organizations which unlawfully discriminate in their membership constitutes State action within the meaning of the Fourteenth Amendment and thus, the State is forbidden from providing financial assistance to such organizations: Falkenstein v. Department of Revenue For the State of Oregon, 350 F. Supp. 887 (D. Ore., 1972), stay den., 409 U.S. 1032, 93 S. Ct. 530, 34 L. Ed. 2d 484, app. dism., 409 U.S. 1099, 93 S. Ct. 907, 34 L. Ed. 2d 681;

Pitts v. Department of Revenue for State of Wisconsin, 333 F. Supp. 662 (E.D. Wis., 1971). Discrimination in membership solely on the basis of the sex of the individual by organizations receiving State funds to conduct agricultural fairs is clearly the kind of discrimination prohibited by the Fourteenth Amendment. See Reed v. Reed, 404 U.S. 71, 92 S. Ct. 251, 30 L. Ed. 2d 225 (1971).

The Constitution of Pennsylvania sets forth the policy of the Commonwealth with regard to discrimination in general. Article I, section 26 of the Pennsylvania Constitution provides that:

"Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right."

With specific regard to sex discrimination, article I, section 28 of the Pennsylvania Constitution (hereinafter referred to as the equal rights amendment) provides that: "Equality of rights under the law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual." Thus far, when deciding cases under the equal rights amendment, the courts of Pennsylvania have consistently refused to uphold any difference in treatment on the basis of sex wherever there is State involvement. For example, see DiFlorido v. DiFlorido, 459 Pa. 641, 331 A. 2d 174 (1975); Commonwealth v. Butler, 458 Pa. 289, 328 A. 2d 851 (1974); Henderson v. Henderson, 458 Pa. 97, 327 A. 2d 60 (1974); Hopkins v. Blanco, 457 Pa. 90, 320 A. 2d 139 (1974); Conway v. Dana, 456 Pa. 536, 318 A. 2d 324 (1974); Commonwealth v. Pa. Interscholastic Athletic Asso., 18 Pa. Commonwealth Ct. 45, 334 A. 2d 839 (1975); Percival v. City of Philadelphia, 12 Pa. Commonwealth Ct. 628, 317 A. 2d 667 (1974); Wiegand v. Wiegand, 226 Pa. Su-

perior Ct. 278, 310 A. 2d 426 (1973); Commonwealth ex rel. Lukens v. Lukens, 224 Pa. Superior Ct. 227, 303 A. 2d 522 (1973); DeRosa v. DeRosa, 60 D. & C. 2d 71, 60 Del. Co: 259 (1972); Corso v. Corso, 59 D. & C. 2d 546, 120 Pitts.L.J. 183 (1972).

The Commonwealth Court stated in the decision of Commonwealth of Pennsylvania v. Pa. Interscholastic Athletic Asso., supra, that "since the adoption of the ERA in . . . Pennsylvania, the courts of this state have unfailingly rejected statutory provisions as well as case law principles which discriminate against one sex or the other.": 18 Pa. Commonwealth Ct. at 50, 334 A. 2d at 841. The court also stated that "the concept of 'equity of rights under the law' is at least broad enough in scope to prohibit discrimination, which is practiced under the auspices of what has been termed 'state action' within the meaning of the Fourteenth Amendment to the United States Constitution.": 18 Pa. Commonwealth Ct. at 51, 334 A. 2d at 842.

Thus, the equal rights amendment would prohibit the State from discriminatory action of every kind "including state participation through any arrangement, management, funds or property." See Arrington v. City of Fairfield, Alabama, supra. The making of a State grant to an organization which denies a person membership in that organization because of the person's sex clearly constitutes that kind of unlawful discrimination.

Therefore, it is our opinion, and you are advised, that both the Fourteenth Amendment to the United States Constitution and the equal rights amendment to the Pennsylvania Constitution prohibit the disbursement of State funds to organizations conducting annual agricultural fairs when those organizations discriminate in membership on the basis of sex.