## Hardesty v. Fisher

*Cyril Garvey*, for plaintiffs.
*Daniel Solomon*, for defendants.

ACKER, *J.*, January 27, 1976—Defendant, through a preliminary objection, has demurred to plaintiffs' complaint.[1]

By a complaint in trespass, plaintiffs claim property damage in the total amount of $9,802.27, with

---

1. Defendants have also contended, through a petition, that plaintiffs lack capacity to sue and have made a motion for more specific pleading or, in the alternative, a motion to strike additional matters. This court does not pass upon any of the objections other than the demurrer.

damages for detention from August 31, 1972, against ten juveniles and their parents for allegedly vandalizing plaintiffs' residence during their absence. It is claimed that all of the juveniles were engaged in malicious mischief and vandalism and are jointly and severally liable to plaintiffs. Among the juvenile-defendants is Gary A. Fisher, born August 28, 1955, who resides with his parents, Robert and Mary Fisher, named defendants. Liability is bottomed upon the Act of July 27, 1967, P.L. 186, secs. 1, et seq., and is limited by the complaint and the statute to $300. The demurrer claims that a viable cause of action has not been asserted.

The interpretation of this statute controls the outcome. Unfortunately there are few reported cases, but Trotto et al. v. Dourlein, 121 Pitts. L.J. 80 (1972), is exactly in point and contrary to the position of plaintiffs. We agree with the conclusions therein.

Although section 5 of the statute[2] specifically preserves common-law liability of parents for damages caused by a child, plaintiffs have not alleged any facts which would give rise to the common-law right of damages against parents.[3]

As held in Trotto v. Dourlein, supra, section 2 of the act requires a finding that a child is liable or guilty of a willful tortuous act involving injury to

2. Act of July 27, 1967, P.L. 186, sec. 5, 11 P.S. §2005.

3. The mere fact of parenthood does not make a parent liable for the acts of his child: Condel v. Savo, 350 Pa. 350, 39 A. 2d 51, 155 A.L.R. 81 (1944); Weiner Appeal, 176 Pa. Superior Ct. 255, 106 A. 2d 915 (1954). For authorities discussing the liability of parents for the acts of their children, see Glass v. Freeman, 430 Pa. 21, 240 A. 2d 825 (1968); DeMaine v. Brillhart, 224 Pa. Superior Ct. 241, 303 A. 2d 506 (1973); Restatement 2d, Torts §308; Kuhns v. Brugger, 390 Pa. 331, 344, 135 A. 2d 395 (1957).

person, theft, destruction or loss of property of another. That, as yet, has not occurred in this case. Section 3(b), as there noted, requires that a judgment has been rendered against the child for such acts in a civil proceeding and that such judgment not have been satisfied within a period of 30 days. In such event, the injured person may then petition the court for rule to show cause why judgment should not be entered against the parent. The parent then has the right to file an answer to the petition and, if there is any dispute as to the unlitigated facts, the case is set down for trial. If there is no dispute as to the unlitigated facts, the court shall authorize the entry of a judgment against the parent. As stated in Trotto, page 80: "It is clear from the statute that there must first be a determination of the liability of the child or children before the parent may be called upon to respond with payment of damages."

A rule to show cause may not be an original action:[4] Commonwealth v. Dauphin County, 354 Pa. 556, 47 A. 2d 807 (1946); Percival v. City of Philadelphia, 12 Pa. Commonwealth Ct. 628, 317 A. 2d 667 (1974); Short v. School Board of Upper Moreland Township, 108 Pa. Superior Ct. 503, 505, 165 Atl. 669 (1933) (allocatur refused); Butler Area Sewer Authority v. N.W. Sanitary Sewer System Authority, 3 Pa. Commonwealth Ct. 76, 84, 281 A. 2d 87 (1971).

Wherefore, although Pa.R.C.P. 126 permits a

---

4. There are exceptional circumstances in limited instances where an action was permitted to proceed when instituted through a petition for a rule to show cause: Pennsylvania Crime Commission Petitions, 446 Pa. 152, 285 A. 2d 494 (1971); Delco Ice Manufacturing Co. v. Frick Company, Inc., 318 Pa. 337, 178 Atl. 135 (1935).

court at any stage of an action to disregard an error or defect of procedure which does not affect the substantial right of the parties, it does not permit the conversion of an action in trespass to a rule to show cause when such a rule could not legally have been instituted in the first instance.[5]

Therefore, it is necessary for the enforcement of liability against a parent that there be a previous determination of the liability of the child and an opportunity of 30 days for the judgment to be satisfied pursuant to section 3(b) of the act.[6]

Although many questions may arise as to proper application of this statute and the procedure to be followed, the rule is that in all cases where a remedy is provided or a thing directed to be done by a statute, the directions of the statute must be strictly pursued, Act of November 25, 1970, P.L. 707, as amended; 1 Pa.C.S. §1504; Malin v. Nuss, 234 Pa. Superior Ct., 259, 338 A. 2d 676 (1975).

The statute upon which plaintiffs propose to base the recovery of money damages against the parents is in sharp contrast to the existing law. Therefore, the explicit statutory procedure for the remedy must be rigidly followed. Having failed to do so, the demurrer must be sustained.

## ORDER

And now, January 27, 1976, the demurrer of defendants, Robert Fisher and Mary Fisher, husband and wife, is sustained.

---

5. Pa.R.C.P. 1007 permits the commencement of an action by only one of three methods. Either a praecipe for a writ of summons, a complaint or an agreement for amicable action.

6. See 8 A.L.R. 3d 612 for a review of statutes from other jurisdictions and their construction.